IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | INDICTMENT NO. |
| v. | :: | 1:06-CR-337-CC/JFK |
| | :: | |
| CHRISTOPHER STOUFFLET, *et al.*, | :: | (Magistrate Judge Baverman) |
| | :: | |
| **Defendants.** | :: | |

**ORDER AND OPINION**

Pending before the Court is Defendant Stoufflet's "Motion For Immediate Court Intervention to Monitor and Limit the Execution of the Search Warrant Authorized on July 25, 2007." [Doc. 189]. For the following reasons, the motion is **DENIED**.

The undersigned, in the capacity as criminal duty judge, issued a search warrant for a "Box marked 'Compaq Proliant DL 380' currently located in the concierge/valet storage room at 700 Park Regency Place, Atlanta, Georgia 30326, and computer server contained therein." *In the Matter of the Search of: Box marked "Compaq Proliant DL 380"*, Search Warrant No. 1:07-MJ-854-AJB (N.D. Ga. Jul. 25, 2007). As a result of the issuance of the warrant, the computer was seized. Stoufflet seeks an order prohibiting the government and its agents from searching the hard drive of the computer on the grounds that the affiant allegedly omitted material facts from the affidavit and the warrant as issued was overly broad in that, among other things, it did

not limit what data or files on the computer that law enforcement agents may legitimately search, nor set a time limit for this examination. Stoufflet also suggests that the computer may contain e-mails or other files that are privileged attorney/client communications. He requests that (1) the government be directed to suspend all efforts at reviewing the computer's contents; (2) the defense be permitted to review the contents of a mirror image of the hard drive of the seized computer to be able to particularize his motion; and (3) the Court follow the protocol observed in *In the Matter of the Search of: 3817 W. West End, First Floor Chicago, Ill. 60621*, 321 F. Supp. 2d 953 (N.D. Ill. 2004).

The Court is unaware of, and has not been directed to, any authority supporting the right of a defendant or one who arguably has standing to challenge the use of evidence obtained via a search warrant to challenge the validity of the warrant before it is executed. The opinion in *3817 W. West End* supplies no such support, because in that case, the government moved *ex parte* to remove certain limitations imposed upon its agents in conducting a computer search pursuant to a warrant. After the court orally denied the relief requested, the court issued a written order. *See 3817 W. West End*, 321 F. Supp. 2d at 954. The target of the search did not participate in that hearing.

2

Instead, analogous to the former Fifth Circuit's statement in *United States v. Payne*, 508 F.2d 1391, 1394 (5th Cir. 1975) (citation omitted),[1] that "[a] homeowner has no right to prevent officers armed with a warrant from entering his home," Stoufflet has no right to prevent agents armed with a warrant from searching his computer. There are safeguards to protect Stoufflet from law enforcement abuses:

> [t]he statutory requirements of judicial supervision based on probable cause, the requisites of specificity in describing the premises and the items to be seized, and the delivery of a written inventory of the items taken to the occupant or other competent person provide adequate safeguards against potential abuse and sufficiently limit police discretion.

*Payne*, 508 F.2d at 1394 (footnote omitted). Stoufflet's interests are sufficiently protected by his ability to attempt to exclude any evidence at trial obtained as a result of the search of the computer or by a *Bivens* civil action.

Additionally, the relief that Stoufflet seeks would seriously disrupt the efficient administration of justice. Acceding to Stoufflet's position would require courts to hold an adversary hearing whenever a computer was seized in advance of the computer

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

search, in order to address such questions as whether there was a *Franks*[2] violation, whether there was probable cause to search specific files, or whether confidential communications were contained on the computer.  Neither the Fourth Amendment nor any rule of criminal procedure mandates this action in advance of a search.[3]

**ACCORDINGLY**, the motion [Doc. 189] is **DENIED**.

**IT IS SO ORDERED**, this the 1st day of August, 2007.

                                        **ALAN J. BAVERMAN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

    [2]    *Franks v. Delaware*, 438 U.S. 154 (1978).

    [3]    In addition, although Stoufflet's claims on the merits of the warrant are not ripe for adjudication at this time, the Court notes that a search must be constitutionally reasonable and its scope constitutionally proper.  *See Horton v. California*, 496 U.S. 128, 138 (1990).  The "lack of a detailed computer 'search strategy' does not render the warrant deficient as to the search and seizure of computers."  *United States v. Maali*, 346 F. Supp. 2d 1226, 1245 (M.D. Fla. 2004).  In any event, the Court notes that the warrant is not deficient as Stoufflet claims.  It requires the search to be conducted by August 4, 2007, and specifically sets out the type of files to be seized.  *See* Search Warrant No. 1:07-MJ-854 & Attachment A.